

'08 CIV 4045

BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
NEMTAS NEMRUT LIMAN ISLETMELERI AS
355 Lexington Avenue
New York, New York 10017
212-983-8500

RECEIVED
APR 2 9 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NEMTAS NEMRUT LIMAN ISLETMELERI AS,

               Plaintiff,

    -against-

ISPAT INDUSTRIES LIMITED,

               Defendant.
-----------------------------------------------------------------X

08 Civ.

**VERIFIED COMPLAINT**

Plaintiff, NEMTAS NEMRUT LIMAN ISLETMELERI AS ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendant ISPAT INDUSTRIES LIMITED ("Defendant"), alleges upon information and belief as follows:

1.      This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

2.      At all material times, Plaintiff was and now is a foreign corporation, existing under and by virtue of the laws of Turkey with an office and place of business at Ataturk Boulevard, No. 92/5, Pasaport 35210 Izmir, Turkey.

3.      Upon information and belief, at all material times Defendant was and still is a corporation, existing under and by virtue of the laws of India, with an office and place of business at 7th Floor, Nirmal, Nariman Point, Mumbai 400 021, India.

4.      At all material times, Plaintiff was the owner of the motor vessel NEMTAS 2

("the Vessel").

5.      On or about October 8, 2007, Plaintiff, as owner, and Defendant, as charterer, entered into a charter agreement whereby Plaintiff agreed to let and Defendant agreed to hire the Vessel to transport a cargo of iron ore, under certain terms and conditions, for a one time charter trip with a duration of about twelve to sixteen days ("the Charterparty").

6.      The Charterparty included a clause that required Defendant "to give Owners not less than 7 days approximate and 5/2 days definite notice of Vessels [sic] expected date of re-delivery, and port."

7.      On October 24, 26, and 29, 2007, Defendant gave its 7-, 5-, and 2-day notices confirming that the Vessel would be redelivered to Plaintiff between October 31 and November 1, 2007.

8.      Relying on this notice, Plaintiff entered into a subsequent charter agreement with another charterer.  That charter agreement had a laytime canceling period of November 1-5, 2007.

9.      After Plaintiff entered into the second charter agreement, Defendant purported to send revised notices postponing redelivery of the Vessel because of a "discharge operation slowdown" due to a breakdown at the discharge port.  The Vessel was eventually redelivered to Plaintiff on November 7, 2007.

10.     Because of Defendant's false redelivery notices, given with knowledge of the breakdown and the resulting slowdown, Plaintiff was forced to renegotiate the subsequent charterparty for a daily rate of $5,500.00 less than the originally agreed-upon rate.

11.     The subsequent charter lasted 27.23 days, resulting in damages to Plaintiff of $149,765.00.

12.     Under the terms of the Charterparty, all disputes between the parties are to be decided by arbitration in London, pursuant to English law.  The parties have commenced arbitration proceedings in London.

13.  This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8.  Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award in Plaintiff's favor.

14.  In addition to recovering the principal amount due Plaintiff pursuant to the Charterparty, Plaintiff will be claiming, and fully anticipates recovering, interest, costs, and attorneys' fees, which are routinely awarded to the prevailing party in London arbitration proceedings.  As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

| | | |
|---|---|---|
| a. | On the principal claim | $149,765.00 |
| b. | 3 years of interest at 6% per annum, compounded quarterly | $29,179.38 |
| c. | Costs (arbitrators' fees, attorneys' fees, etc.) | $50,000.00 |
| | TOTAL | $228,944.38 |

15.  Upon information and belief, Defendant cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but is believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the District including, but not limited to, American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank;

Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are believed to be due and owing to the Defendant.

Plaintiff prays:

A.  That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That because the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are due and owing to the Defendant, in the amount of $228,944.38, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C.  That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D.  That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
         April 29, 2008

                    BROWN GAVALAS & FROMM LLP
                    Attorneys for Plaintiff
                    NEMTAS NEMRUT LIMAN ISLETMELERI AS

By: _____
                    Peter Skoufalos (PS- 0105)
                    355 Lexington Avenue
                    New York, New York 10017
                    212-983-8500

**VERIFICATION**

STATE OF NEW YORK          )
                                              : ss.:
COUNTY OF NEW YORK   )

PETER SKOUFALOS, being duly sworn, deposes and says:

1.      I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2.      I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3.      The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.      The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

PETER SKOUFALOS

Sworn to before me this
29th day of April 2008

Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 2010