UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NEMTAS NEMRUT LIMAN ISLETMELERI AS,

        Plaintiff,

  -against-

ISPAT INDUSTRIES LIMITED,

        Defendant.
------------------------------------------------------------------X

08 Civ. 4045 (RWS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05-01-08

### EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS**, on April 29, 2008, Plaintiff, NEMTAS NEMRUT LIMAN ISLETMELERI AS, filed a Verified Complaint herein for damages amounting to $228,944.38, inclusive of interest and costs, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of Defendant's property within the District of this Court; and

**WHEREAS,** the Court has reviewed the Verified Complaint and the Supporting Affidavit with respect to Defendant, ISPAT INDUSTRIES LIMITED, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendant by any garnishees within this district, including American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are

1

believed to be due and owing to the Defendant in an amount up to and including $228,944.38, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Process of Attachment and Garnishment may be served by any paralegal, associate, or employee of Brown Gavalas and Fromm LLP over 18 years old who is not a party in the case; and it is further

**ORDERED** that the following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or electronic mail to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective, continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application from Plaintiff without further Order of the Court; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: New York, New York
       April 30, 2008

SO ORDERED:

_____
U.S.D.J.

2